UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EPIFANIO VAZQUEZ, | § | |
| and all others similarly situated under | § | |
| 29 U.S.C. 216 (b), | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. |
| | § | |
| MCGUYER HOMEBUILDERS, INC. | § | |
| a/k/a PLANTATION HOMES, | § | |
| AGUILAR MASONRY, | § | |
| and ADALITH AGUILAR | § | |
| Defendants. | § | |

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216**
**OVERTIME WAGE VIOLATIONS AND NEGLIGENCE**

Plaintiff, EPIFANIO VAZQUEZ, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants MCGUYER HOMEBUILDERS, INC. a/k/a PLANTATION HOMES, AGUILAR MASONRY, and ADALITH AGUILAR and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Grayson County, Texas during the relevant time period.

3. The Defendant MCGUYER HOMEBUILDERS, INC. a/k/a PLANTATION HOMES is a corporation that regularly transacts business within the Northern District of Texas. Upon information and belief, MCGUYER HOMEBUILDERS, INC. a/k/a PLANTATION HOMES was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant AGUILAR MASONRY is a company that resides within Dallas County. Upon information and belief, AGUILAR MASONRY was the FLSA employer for Plaintiff

during the relevant time period. AGUILAR MASONRY and MCGUYER HOMEBUILDERS, INC. a/k/a PLANTATION HOMES will be referred to collectively as the "Defendant Companies."

5. The individual Defendant ADALITH AGUILAR resides in Dallas County and is a corporate officer and/or owner and/or manager of AGUILAR MASONRY who ran the day-to-day operations of AGUILAR MASONRY for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore also Plaintiff's employer as defined by 29 U.S.C. § 203(d).

6. Venue is proper in the Northern District of Texas because the Defendant Companies regularly transact business within the Northern District of Texas and acts or omissions giving rise to this dispute took place in the Northern District of Texas.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207(a)(1) states, in pertinent part, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise

engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff, EPIFANIO VAZQUEZ, worked for Defendants as a construction worker and brick layer from on or about June 7, 2009 through on or about February 16, 2017.

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Upon information and belief, the Defendant Companies had gross sales or business done in excess of $500,000 annually for the years 2009, 2010, 2011, 2012, 2013, 2014, 2015, and 2016.

13. Upon information and belief, the Defendant Companies' sales or business done is expected to exceed $500,000 for the year 2017.

14. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an

enterprise covered under the Fair Labor Standards Act.

15. From on or about June 7, 2009 through on or about February 16, 2017, Plaintiff, EPIFANIO VAZQUEZ, worked an average of 72 hours per week for which he was paid an average effective straight time rate of $10.00 per hour, but was not paid the extra half-time rate for all hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the unpaid half-time rate for each overtime hour worked above 40 in a workweek.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II: NEGLIGENCE

Comes Now Plaintiff, by and through counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. This Court has jurisdiction for Plaintiff's negligence claim under the Court's Supplemental

Jurisdiction. 28 U.S.C. § 1367.

18. Tex. Labor Code Ann. § 411.103 makes it the duty of employers to provide a safe workplace.

19. Upon information and belief, Defendants did not maintain worker's compensation insurance, and Plaintiff alleges the following.

20. Tex. Labor Code Ann. § 406.001(a) states that "[e]xcept for public employers and as otherwise provided by law, an employer may elect to obtain workers' compensation insurance coverage." However, Tex. Labor Code Ann. § 406.033(a) states "[i]n an action against an employer by or on behalf of an employee who is not covered by workers' compensation insurance obtained in the manner authorized by Section 406.003 to recover damages for personal injuries or death sustained by an employee in the course and scope of the employment, it is not a defense that : (1) the employee was guilty of contributory negligence; (2) the employee assumed the risk of injury or death; or (3) the injury or death was caused by the negligence of a fellow employee." Furthermore, Tex. Labor Code Ann. § 406.033(b) states that "This section does not reinstate or otherwise affect the availability of defenses at common law including the defenses described by Subsection (a)." Tex. Labor Code Ann. § 406.033(b).

21. On or about February 16, 2017, Plaintiff EPIFANIO VAZQUEZ was engaged in work on a construction site operated by the Defendants while in the scope of his employment with Defendants. While performing this work Plaintiff stepped on a sharp object and injured his foot. Plaintiff informed his supervisor of his injury and went to the hospital for treatment.

22. As a result of these injuries, as of the time of this filing Plaintiff has been unable to return to work, has incurred medical bills, suffered pain, disability, and mental anguish, and has diminished work capacity. Despite being made aware of Plaintiff's injury and the medical

bills incurred as a result thereof, Defendants to date have made no offer to make payments to satisfy those bills.

23. As a result of Defendants' failure to maintain a safe working environment and to make the premises safe while they were in control of the premises, Plaintiff was injured and has been damaged.

Wherefore, Plaintiff requests judgment against the Defendants, jointly and severally, including attorney's fees, costs, pain, disability, suffering, mental anguish, past and future medical bills, and diminished work capacity, as well as all other damages recoverable by law under Tex. Labor Code Ann. § 406 and the Texas Civil Practice & Remedies Code. *The Plaintiff requests a trial by jury*.

Respectfully submitted,

By: s/ Robert Manteuffel
J.H. Zidell, Esq.
Texas Bar No.: 24071840
Email: zabogado@aol.com
Robert L. Manteuffel
State Bar No. 12957529
Email: rlmanteuffel@sbcglobal.net
Joshua A. Petersen
Texas Bar No. 24085524
Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   (972) 233-2264
Fax:   (972) 386-7610